We will hear argument next in United States of America v. Ward. United States of America v. Bagby has been submitted on the brief, so we will not hear argument in that case, but we will hear from counsel in United States v. Ward. United States of America v. Doren Ward May it please the Court, Davina Chan on behalf of Doren Ward, I'd like to reserve three minutes for rebuttal. The Fifth Amendment grand jury clause guarantees the federal defendant will be tried only on charges presented in an indictment returned by the grand jury. Here the grand jury charged Mr. Ward with two specific instances of aggravated identity theft in violation of 1028A. Over Mr. Ward's objections, the government introduced evidence of numerous alleged instances of aggravated identity theft. And over both the government and Mr. Ward's objections, the jury instructions did not limit the jury to the consideration of the charged instances. Can we focus on the jury instruction issue for a moment? Let's assume that we think that this other evidence was relevant to show knowledge that real persons' identities were stolen. With respect to Counts 6 and 7, I take it at trial, at least, the government agreed that the instructions should have included the names of the actual victims. What I'm interested in is whether or not that was reversible error in light of the fact that the jury had the indictment with it, that the government argued the specific victims in its summation. It said, these are the victims of Count 6, this is the victim of Count 7. You heard from them. You heard their testimony. So my question is, was the judge's omission of the names from his instructions reversible error? And if so, why? Well, if the Court finds that it's a constructive amendment, then it is reversible. But, of course, that's the question. Is it a constructive amendment or is it just a mere variance? And so those are conclusory terms. Tell me why what the judge did here demands reversal, given all those other facts that I've just mentioned. I don't believe that the government's argument would have cured the error because the government was not quite clear as to who was the victim of Count 7 and who was the victim of Count 6. In fact, especially in their rebuttal argument, they blended all of the victims together. They talked about how Mr. Ward definitely knew these were true people because some of these credit card accounts had been open since 1988, for instance. That was not either of the alleged victims. That's the evidentiary issue, isn't it? I mean, as I understand this case, your client said, with respect to Count 6 and 7, he wanted to plead to 1 through 5, but the Court wouldn't let him. I didn't know those were real people, so this wasn't identity theft. It was mere fraud or something else like that. And the government said, well, we've got all these other ones where we can show you knew that you were taking the identities of real people or defrauding real people. And that goes to your knowledge on Count 6 and 7. So I'm not very sympathetic to your argument that the evidence should have been excluded or that they couldn't argue it. But wasn't their argument, these are the victims of Count 6 and 7? I can identify them for you. Here they are. They testified. And given that the jury also had the indictment with it, why wasn't it harmless under those circumstances? It was just a variance, if you will. When the government argued to the judge, they were quite clear that the victims were these two individuals and all the other evidence was merely circumstantial evidence to show that he knew that the victims were real people. But when the government argued to the jury, they didn't make that distinction. And there was really no reason for them to make that distinction because they expected that the jury would be instructed, Count 6 involves this victim and Count 7 involves that victim. So I'm not blaming the government. I'm not saying that their argument was improper. Their argument was quite proper if the instructions had been proper. I think your second question is more difficult. And that's with regard to whether the jury having the indictment would have cured the error. But in every constructive amendment case, we have a very specific indictment and then we have a more general instruction. And in none of those cases have they said that the more specific indictment cures the error. What we do is we assume that the jury follows the instructions. And in this case, the instructions as to Count 6 and 7 said the defendant is charged in Count 6 with blah, blah, blah. In order to be found guilty of a person. Yeah. You must find that he took the identity of a person. Exactly. Which could be any of the people I understand. Absolutely. So if we assume that the jury follows the instructions and all the case law says that that is what we're supposed to do, we can't say that the jury would necessarily have said, I think that there's something more we need to find. I think that we need to find something that's not in the instructions here. I think we need to find something that's in the indictment. And in fact, if you look at the jury instructions, in many cases it does cross-reflect the indictment much closer. It will say as described it or as detailed it. But in this particular, these two counts, it didn't. It just says he's charged in Count 6 with this crime. In order to be found guilty, these are the elements. And the element was a person. Don't you have a couple of other things working against you here, though? The indictment was also read to the jurors during the selection process, so they were made aware of the specific nature of Counts 6 and 7. The judge also gave an instruction, a general instruction to the jury, that they're only to consider each count and not to convict the defendant based on other conduct, a generic instruction. And then, of course, the indictment in the room. There is a case out of the Sixth Circuit, I think it was the Nixon case, which talks about the importance of the indictment being with the jury in the jury room. It seems to me that's a lot of what this comes down to, that it's a question of whether the jury having the indictment and being made aware of the nature of the charge overcomes this problem. Well, first of all, the Nixon case is on plain error, and it's in the Sixth Circuit. So there was no objection in that case, and I think that places it in a very different light than this case. Not only was there an objection in this case, but the objection came from both parties. So both parties were concerned that the instruction as given was not specific enough. With regard to the indictment being read to the jury during jury selection, I mean, in all realisticness, this was literally during jury selection. So this is when the jurors are sitting back there, looking at their iPhones, etc. I mean, I've selected juries before, and I don't think anyone is listening to the charges. Well, we're being asked this morning to take judicial notice of a lot of things that happen in district courts. So I don't think that that actually adds anything to the analysis. Once again, I think the harder question is, did the jury and did the indictment being in the room with the juries make a difference? And in some cases it might. If, for instance, if it said, a person, the person charged in Count 5 or Count 6, or even if it just said the charged person, but it simply said a person. And I return again to the rule that we presume that jurors follow the instructions, and that was the instruction in this case. In this case, it's not even that they could have convicted on the basis of the brands. Some people could have thought it was the brands, and some people could have thought it was Mr. Hagler, and somebody could have thought it was Mr. Glad, and someone else could have thought it was Mr. Bitter, and that would have been enough to convict. The jury was given a specific unanimity instruction, but the specific unanimity instruction went only to whether the identity was possessed, transferred, or used. So they were told there's some things you all need to agree to specifically, possess, transfer, or use. But they were told. Did the defendant request an instruction at the time this evidence of the other victims was introduced at trial, a limited instruction with respect to the use of that evidence? I don't believe he did. And again, the argument on appeal is not that it was improper to put that evidence in, because this is a weird case where there were a bunch of charges that the court was requiring him to go to trial on, even though he wanted to plead guilty to, and he admitted all of them. So I don't think it was an abuse of discretion for the court to allow the government to prove those facts, even though they weren't in question. The real problem was the jury instruction. I think everyone behaved appropriately. I think the argument was appropriate. You know, the argument that the government made that this is all the evidence in this case, that he knew these people were real people. Because at the time that the government made that argument, it understood that the jury would be instructed. You can't convict a defendant. Why does this only come up after the judge has given the instruction? I don't understand that. Was there no charge conference here? Did the parties not submit proposed instructions? There was a charge conference. And again, if you can remember sort of what actually happens in district court, I think what frequently happens in district court is when you sit there and you listen to the instructions, especially in light of what has happened at trial, they sound different to you. And at that time, after this trial had occurred, and there was so much evidence about the other victims, and then there were closing arguments, and there was so much discussion about the other victims, and then the charge was read, that's when it occurred to both lawyers, wait, there's something wrong here. I mean, I remember the first jury trial I had. I agreed to all these conspiracy instructions. And then when the judge started reading them and it went on for like an hour, I objected. I'd understood in this record that maybe I'm wrong, that the judge was the party said to the judge, don't give that instruction, and he thought about it and said, no, I'm going to. Did this all occur post-instruction? Yes, post-instruction. But now go back to your client's case. Your client's only defense in this case, as I understood it, was I didn't understand that these were real people for Counts 6 and 7, right? Yes, that's correct. In light of that defense, does the error in leaving the names out of the instruction take less significance? I think no, for two reasons. First of all, we don't really know what the defense would have been if he had known that he was being charged with all these other defendants. I mean, it's not on the record what his defense would be, and it wouldn't be, because he wasn't charged with those. And if you look at the Ninth Circuit's constructive amendment cases, they never really look at, well, if he had known he had been charged with this, what would the defense have been? In fact, if you look at Sterone, which is the case with the sand versus the steel, the court doesn't examine, well, if he had known he was charged with interfering with the export of steel as opposed to the import of sand, would the defense have been different? So that, I think, is the first. Well, but in this case, your client knew from the indictment that he was charged or she was charged with these two specific identity thefts, correct? Correct. And constructed a defense around that which said, I'm not claiming that something wasn't done here. My claim is that I just didn't know these were real people. I thought we were making up identities, more or less. That was the defense, right? Right. Given that defense, does the error in leaving the names of the people out matter? How did it prejudice your client? Well, again, first of all, he may have had a different defense as to the other individuals. We don't know that. But second of all, if we find a constructive amendment, there is no prejudice inquiry. It is an automatic reversal. And third, even if – But my question is, if we don't find a constructive amendment, can you prove – is this a case in which you can prove prejudice? There are other things that the grand jury presentment requirement protects. The first is grand jury presentment. You can only be convicted on something that the grand jury charged you with. So if the jurors convicted him based on the grants and the grand jury didn't charge that, it's not a matter of notice. It's just that he's being convicted of something that the grand jury didn't charge. Well, I know you want to save some time for rebuttal, but I think now you're making two different arguments. If it's constructive amendment, then all these arguments about presentment, et cetera, are important and we don't look for prejudice.  My question is, if it's only that, how is your client prejudiced? Okay. Two things. First of all, another way you can look for prejudice is whether he would be able to plead a double jeopardy bar. So if the government were to want to charge him now with 1028 against the grants, he would not be able to plead the bar, even though he may well have been convicted based on the grants. And second, I know I want to reserve some time for rebuttal. I think that it's very clearly not a variance. And perhaps I'll come back and talk more to you about the difference between constructive amendment and variances because I think the law is quite muddled, but I think there is a way to clarify it. But why don't I let Ms. Steeler talk for a while, and then I'll come back and talk to you. And when you come back, if you could just distill for us the legal principle that's going to put your case on the side of constructive amendment as opposed to variance. Because that's not clear in my mind, and that would be the most helpful thing. I think it's really a muddy, muddy area, and that's actually the first thing I was going to talk about, but I got taken in a different direction. And I will come back. Okay. We'll give you time to make that distinction clear. And now we'll hear from the government. Good morning, Your Honors. May it please the Court. Kathy Ostler on behalf of the United States. Maybe you could start by just shedding that light that we're all looking for, that just here's the clean line that shows that this is on the side of variance as opposed to constructive amendment. Well, Your Honors, we probably wouldn't have been here today had the judge just put the names in the jury instructions. You're blameless in this. Everybody agrees you're blameless. What's the answer to Judge Watford's question? The government submits that this is not a constructive amendment for a number of reasons. First of all, as Your Honors have noted, the victim's names were identified in the indictment, and the defendant had notice of the names being in the indictment. But that's true in every constructive amendment case. The indictment is sufficient, and then the instruction is different. That's correct. So that doesn't get us to the other side of the line. What does get us there? What makes this different, Your Honor, is that the indictment went back to the jury in this case, and the jury had it in the jury room and was able to reference back to the indictment, which is why the judge ultimately said he was not going to put the names in. Okay. Let's say that I'm not persuaded by that. I'm focused on what the jury instructions. I do think defense counsel is right that in every other area of the law we focus on what the jury instructions require, and here they did not require they didn't even say go look at the indictment. They just said it has to be a real person. So let's put that one aside as well. What's the other? Right, Your Honor. Well, I just want to correct one thing, though. They do actually reference the counts. So to the extent that the jury would look at the instruction and it says in count six, they could refer back to count six where the victim's initials are referenced. However, putting that aside, when we look at most of these constructive amendment cases, there's usually some kind of affirmative misinstruction by the judge. For example, in Sterone, the case was about sand shipments. The judge instructs on sand or steel, says you can convict on either. Similarly, in Dipentino, that's a Ninth Circuit case. The judge instructs that you can – either Clean Air Act violation would amount to a – I'm sorry, either a violation of the work practice standard would be a Clean Air Act violation. Why isn't this case essentially the same? The judge instructed as to count six and seven that the defendant could be convicted if he stole the identity of a person. That's correct. And there were many people in the case about whom there was evidence that their identities had been stolen. The judge never instructed the jury, though, that it could convict on any of the victims. No, but he did say a person. He did say a real person. That's correct. But at that point in time, what the – we have to look at the instruction in the context of how the jury would understand it in terms of everything that had happened at the trial. We heard my opening statement. I referenced those two particular victims. I was very clear to mention them. In the evidence that was presented, the jury heard from those victims. And then in closing, my colleague did, in fact, mention those two victims again. I would agree with Ms. Chen that he didn't mention them as much in his rebuttal as he did in his initial closing. But he did – that was the last thing he said to the jury before he left, before he finished his rebuttal. He did mention those two defendants. That just seems like you're trying to just sort of build a – you know, build a scaffolding around a flawed instruction. And you started out to say this is – I don't know if you were saying this is like those other cases or unlike. It seems to me it's unlike those other constructive – Oh, yes, Your Honor. I would say it's unlike those. Those are all constructive amendment cases by addition, the sand and the steel, for example. This is a constructive amendment situation by omission. And it seems to me that it's right on all fours with the Lichtman or Lichtman, I don't know how you pronounce it, case out of the Seventh Circuit. Of all the cases that were cited, that's the one that seems almost exactly on point. And I'd like you to explain why that opinion is wrong. Certainly, Your Honor. That's actually a case that I think is distinguishable here. I would argue that this case is more – our case is more similar to the Hartz case out of the Ninth Circuit. But I'll address the Lietnam or Lichtman. I'd like you to explain why you think it's more like Hartz than Lichtman, because I'm not sure I agree with that. So, as you know, in the Seventh Circuit case, there was a – it was a 924C charge, and there was evidence of – drug evidence and two handguns and a rifle. The prosecutor in that case made a charging decision to charge only the rifle. And at trial, the prosecutor introduced evidence of the rifle and the two handguns. And then the jury instruction, as the Court noted, mentioned a firearm without specifying which firearm. Why I would argue that case is different is because the Seventh Circuit really seemed to have an issue there with the prosecutor's actions. The charging decision specifically not to charge the two handguns because the prosecutor did not think there was enough of an evidentiary connection to the drug evidence, and then to, nonetheless, go in and argue at trial all of the two handguns and the rifle, and then the jury instruction is ambiguous. But to Judge Watford's question originally, that might have been true in terms of the Court's explanation, but that wasn't the legal principle that the Court relied on. The legal principle it relied on was when you specifically charge a Mossberg, and then you put evidence in of three guns and don't tell the jury in the instruction that they have to convict based on the Mossberg in the 924C count, that's a constructive amendment because you're allowing the jury to convict on the other two guns. It seems just like this case. You put the two names in Counts 6 and 7, and then you put evidence on of six and then you don't tell the jury, it's those two victims. Now, you could have a lot of rhetoric about, you know, criticizing the prosecutor for making choices about what they put in and how they charged and so forth, but that's not the principle. Actually, Your Honor, I do think it was relevant to the Court's decision there because it was a notice issue. The defendant was only on notice that the rifle was going to be at issue, and then at trial all of this other evidence was introduced. I would say, in contrast, in our case, the indictment was clear that we meant those two victims. At trial, we had to introduce evidence of other victims because they were referenced in Counts 1, 2, 3, and 5. They weren't, you know, we had to introduce that evidence despite the stipulation because the government bears the burden here, as the Court knows. Let me try articulating the legal principle that I would perhaps use to govern this case, and it would cause you to lose, so I want you to tell me why it's wrong. I'll listen carefully then. So I agree with Judge Smith. I think that Seventh Circuit case seems very on point, as does our own decision much earlier in the Howard case involving the two prostitutes. So I guess I think of it as this. Our job is to figure out whether the jury was allowed to convict based on a charge that we don't know the grand jury would have indicted the defendant for, right? So here we know that the grand jury said, yeah, there was enough evidence to indict Mr. Ward for identity theft as to these two specific victims. But we don't know whether the grand jury would have indicted him for identity theft with respect to those other people. They were never presented with that. And as I read Sterome, the Fifth Amendment right we're trying to protect here is the defendant's, you know, right to have the grand jury indict him on the crime that he's actually convicted of. And I just see given the nature of this crime and having, it has to be a very specific real person that you're charged with, we don't know whether the grand jury would in fact have charged him with identity theft as to these other victims. Your Honor, I'm glad you brought up the Howard case because I, that was one of the cases I was thinking about when I was talking about the affirmative misinstruction. As the Court may recall, in that case, the judge said to the jury, they had raised a question about which victim, which women were at issue. And the Court actually submitted a supplemental instruction that said, you can ignore the indictment. Don't worry about what the indictment says. Right. But that, but see, I think that's why the Seventh Circuit case seems so on point, because it sort of extends that same logic. Look, we don't know if the grand jury in fact would have indicted the defendant for this other crime. And it just says, well, if you just leave it ambiguous so that the jury could have convicted the defendant of this other crime that was never presented to the grand jury, that's enough to cause it to be a constructive amendment. I would argue, Your Honor, that this case is more like Hart's than like Leighton or Leighton. And the reason I say that is because in Hart's, there is again three different, two different, three different guns. And both were charged in the indictment. That's what's different. That's, that's correct, Your Honor. But there's also a reference to another gun. There was evidence of receipt for sale of a gun or purchase of a gun that was found at the defendant's house. And that evidence came out at trial in the course of showing that it was the defendant's house. So I think the argument was that there was an issue as to whether the jury might have understood that that other gun was involved somehow. Although there, as here, the prosecutor never argued that at trial. There was no evidence that this other, I think it was a 35 millimeter, was referenced at all in the actions in the Hart's case. And, again, here, you know, we never argued that these two victims, that there were any other victims besides these two. Tell me why the legal principle I've articulated is wrong. Because, again, if I'm focused on protecting the defendant's right to have the grand jury charge him with the crime he's ultimately convicted of, and I look at this record and I say, you know what, he could have been convicted of identity theft as to some other person that the grand jury was never presented, they were never presented with that particular charge, if I think of that as putting us on the constructive amendment side of the line, tell me why that's, why isn't that the right principle to use here? I can only go back to the Nixon case, Your Honor, and reference that again. In my mind, the Nixon case is very similar to this. It's on all fours. You have a reference to a bank without specifying which bank. But the court looks back at the fact that, A, the indictment went back to the jury. B, the relevant evidence at trial was pertaining to that specific bank. Yeah, but that's the difference between Nixon. In Nixon, there was only evidence of one bank. One federally insured bank. One federally insured bank. And here there's evidence of many individuals. Yes, Your Honor, but when we argued about the real person issue, which became the substance of the closing and also the rebuttal, we focused on specific things that were pertinent to those two victims. For example, in Mr. Glenn's case, that his bank account had been taken over as well and used to pay his credit card bill so that they could increase his credit limit. And also they tried to increase his credit limit. I'm sorry. I didn't mean to interrupt you. Sorry. What I'm interested in is where Judge Watford was going in this. What he said was, let's assume sending the indictment back with the jury doesn't get you on the variant side of the line. You're still on the constructive side of the line. Can the government's jury argument cure the Sixth Amendment problem? I think, Your Honor, you have to look at it in the context of the entire case. But that's my question. If we have a constitutional problem here, can the government, acting in perfect good faith, as you apparently did here, cure the problem simply by making an argument that the judge then instructs the jury to remember is just an argument, and I'll instruct you on the law? I would argue, Your Honor, that in this case what the jury had in front of it, they have to take into account everything they've heard. So that's the evidence they've heard at trial. That's the opening statement. That's the jury instruction. That's the closing argument. It's what the indictment says. So, see, the principle that you're articulating then, because I want to hear how your opponent responds to it, is we might have something that looks like a constructive amendment on the surface, but the way this trial was conducted, you can be reasonably sure that the jury didn't convict him of a crime that the grand jury didn't indict him for. Is that your argument? That is my argument, Your Honor. Okay. So your legal principle is that we can have something that looks like a constructive amendment, but the way the evidence comes in and the way the parties argue the case can give us reasonable assurance that the jury didn't really convict him of another crime. I'm trying to be fair. Is that your argument? That's the best argument you can indict. So what's the best case that supports that principle that Judge Hurwitz has just articulated? Because I think that's a good argument for you if that's the law. So tell us what supports it. Well, Your Honors, I – we've cited to you a number of cases out of the Ninth Circuit where the principle seems to be that if the proof at trial matches the charges and the jury does not hear anything other than that, that that's sufficient. Okay. In this case, the Adamson – not Adamson. Why is that this case? Because the proof at trial here exceeded the charges, if you will. It matched the charges. In other words, your proof counts 6 and 7. So you certainly gave sufficient evidence to the jury to convict. And we had to prove 1, 2, 3, and 5 as well. And you proved 1, 2, 3, and 5. And in proving those, you submitted evidence to the jury that under the instructions, it could have used to convict the defendants of crimes for which they – defendant for a crime for which he wasn't indicted. Is that – so the Ninth Circuit cases, as I read them, and that's why I'm looking for some guidance from you, involve cases where there was really no way, given the evidence at trial, that the jury could have said, oh, what the judge is telling us is that I can convict this defendant on the basis of another bank that nobody has ever mentioned to us or something like that. So the question here is, given all the evidence that came in, not your fault. I repeat that. Why isn't this on the other side of the line, even given your – even given your best case? And I guess I would just go back to the fact that we were – we were very careful in our – the evidence we presented in our closing to focus on why the defendant knew these were real people. So your central point – Mr. Franklin and Mr. Hatch. Your central point is you could fix it, that the government fixed it. The judge erred, but the government fixed it. Well, at the time that we did the closing argument, the judge hadn't created a problem yet. Right. And that put a – that puts a lot of – that puts a lot of power in the prosecutor, and it puts a big burden on the defendant when you create a kind of moving line here about when and how a constitutional problem can be fixed. If the rule is going to be, depending on how the government argues it in its closing, it may or may not be a reversible error for what we are – would be finding to be a constitutional problem. Let me just say really quickly, because I see I'm out of time. Please. One of the things that we felt here is that there wasn't a proper constructive amendment objection raised. I mean, if you look back at what the defense attorney said, it was that there was no reference to the 15 minutes. I don't – I have to tell you, I have a real problem with that, because the defendant was in the process of making a very specific objection. And were you the prosecutor? I was. I was not the one who spoke at the time. And you basically interrupted and said, we agree. I know. That was my colleague. I know. And now you come back and say, oh, they didn't – they weren't specific enough. I don't – I don't buy that. I don't either. Do you have another response? Of course you do. So don't waste time. Don't waste time on it. Is there another response before you? I'll just say that if the Court determines that de novo is the proper standard that we believe we've proven that – I guess the question is, it's really bright line versus moving line. And you're really saying your argument is the judge and the court of appeals ought to be able to look holistically at the proof and the way it was argued and so forth and decide whether it was reversible or not because of a constitutional violation. It seems if it's a constitutional violation, maybe a bright line is a better way to go. That bright line may be jury had the indictment. That's all. And that cures it. I would just say that the – Or it might not be. The omission from – of specifics from the jury instruction has been – this Court has found that that's not a constructive amendment in Hartz, in Olson. I don't think you – I hate to prolong this, but I don't think you're right. Go ahead. I don't think you're right about Hartz because the court in Hartz said specifically that here that – referring to Leichman, that here that was – I'm sorry, referring to – yeah, to Leichman. Here that was not – however, that was not the case. The proof offered at trial matched the charges made in the indictment. The testimony and the exhibits offered by the government suggested that Hartz had robbed a gun design using one of the weapons described in the indictment. So the court actually did not rely or did not refer to the other gun that you mentioned before. I think in my reading of the case was that that was sort of within the scope of the argument, that that was the possible other gun that the jury might have considered. That's how I understood that, how I interpreted that. But my point is the jury instruction there just mentioned a firearm. It didn't mention specific guns. The court found no constructive amendment. Similarly, in Olson, there was no reference to the specific – it didn't specify the actual item that was in that case. I believe it was theft. And sorry, I don't want to keep prolonging this. But the point is, is that these cases suggest, and others that we've cited in our papers, suggest that the absence of the specific term is maybe a variance but not a constructive amendment. I would just submit that to the court. Thank you. Roberts. Thank you, counsel, for your arguments. Could we give defense counsel three minutes for rebuttal? Boy, I'm sure I'm lucky I let you all do the argument, because I think that Judge Watford said exactly what I had intended to say, that the difference between a constructive amendment and a variance is a constructive amendment occurs when the defendant has a charge that was not brought by the grand jury. So why isn't Hartz a constructive amendment? Well, Hartz is quite different. I don't even think Hartz was a variance. I know that this court called it a variance, but I think that what they really meant was it's not a constructive amendment. In Hartz, there was no evidence of another gun. The only other gun that they sort of mentioned was that there was a receipt for a gun that was introduced as evidence that that property, the location, belonged to the defendant. So there was no other gun in that case. And so it doesn't even seem like a variance in that particular case. It was just a failed constructive amendment argument. There was no evidence. There was no argument. There was nothing else that the jury could have convicted on. Well, you told us when you sat down you were going to enlighten us. And assuming that Judge Watford hasn't already said what you were going to say, tell us how you're going to enlighten us. I think that Judge Watford has said what I was already going to say. But I think that the cases are actually quite clear as to what a constructive amendment is. The cases are very muddy as to what a variance is. So a constructive amendment is a case in which the instructions and the evidence It can't just be the instructions. There has to be instructions, and then there has to be some evidence that would allow the jury to use those instructions to convict on something else. What a variance is, I think some of the courts seem to think a variance is a failed constructive amendment argument. But I don't think that's correct. So is this purely a question of law? Yes. And how do we decide when we have a failed constructive amendment? I think a failed constructive amendment is a case like Hart's or a case like Garcia Paz, which Hart's relies on. So a case like Hart's is, well, they didn't say which firearm it was, right? But there was no other firearm. So your principle, if I can distill it, is that it can be a variance when there is no evidence from which the jury could have convicted the defendant of the unjust crime. I don't really think so. I mean, I think that's a failed constructive amendment. I think a variance is, and this is the example here. It's a failed, it's a failed, I'll adopt your terms, but it's not quibble over terms. Your argument is that we cross the line, we don't cross the line if there is no evidence from which the jury could have convicted the defendant of the other crime. Right. So, for instance, in one of the cases she referred to, I think Olson, it was a money or property case. So they stole either money or property. It was a case in which they were selling these mattresses, but they would take people's money and then the people would never get the mattresses. Okay? And the jury was instructed that it was money or property. But there was no evidence in that case that there was any property that was taken from anyone. So even though the instruction said you can convict on property, there wasn't any evidence in that case. So your principle, her principle is the indictment went to the jury. Your principle is no evidence. If there was evidence from which the jury could have convicted of the other, of the We're now on the constructive amendment side of the... Yes. Okay. All right. Thank you, counsel. I appreciate the arguments. United States v. Ward will stand submitted.
judges: Smith, Watford, Hurwitz